**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for ERBO Properties LLC, KOVA 521, LLC and Gold Mezz LLC*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinksy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 11
ERBO PROPERTIES LLC,                                         :
                                                             :   Case No.: 23-10210 (LGB)
                            Debtor.                          :
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
KOVA 521, LLC,                                               :   Case No.: 23-10211 (LGB)
                                                             :
                                                             :
                            Debtor.                          :
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
GOLD MEZZ LLC,                                               :   Case No.: 23-10212 (LGB)
                                                             :
                                                             :
                            Debtor.                          :
------------------------------------------------------------ x

**DEBTORS' APPLICATION FOR AN ORDER (A)
AUTHORIZING JOINT ADMINISTRATION OF THE
DEBTORS' CHAPTER 11 CASES; (B) AUTHORIZING
A CONSOLIDATED MAILING MATRIX;
AND (C) GRANTING RELATED RELIEF**

TO: THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

Erbo Properties LLC (the "Fee Owner"), Gold Mezz LLC (the "Mezzanine Borrower"), and Kova 521, LLC ("KOVA"), the above-captioned debtors and debtors-in-possession (individually a "Debtor" and together, the "Debtors"), by their proposed counsel, Tarter Krinsky & Drogin LLP, respectfully represent as follows:

## SUMMARY OF RELIEF REQUESTED

1. By this application (the "Application"), Debtors seek entry of an order, in substantially the form being filed herewith as **Exhibit "A**," (a) directing joint administration of the Debtors' Chapter 11 cases (as defined below, the "Cases") for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (b) authorizing a consolidated mailing matrix, and (c) granting related relief. The Debtors respectfully submit no party will be prejudiced by virtue of the relief requested in this Application. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

2. In support of this Application, the Debtors rely upon and incorporate by reference the declaration filed in the Debtors' cases pursuant to Local Rule 1007-2 (the "Local Rule Declaration") required by the local bankruptcy rules for this District (the "Local Rules"), which has been filed in each of the Debtors' cases.

3. Given the provisions of the Bankruptcy Code (defined below) and the Bankruptcy Rules, as well as the Debtors' affiliation, joint administration of these cases is warranted. Both joint administration and a consolidated mailing matrix will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the cases, thereby saving the Debtors' estates considerable expense and resources. The relief

requested will not adversely affect creditors' rights as the Debtors request only administrative, and not substantive, consolidation of their respective estates.

## JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

4. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.) as amended by the Amended Standing Order of Reference dated January 31, 2012 (Preska, CJ).

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§1408 and 1409.

7. The statutory bases for relief are section 105(a) of title 11, United States Code (the "Bankruptcy Code") and Bankruptcy Rules 1015(b), 2002(n) and 9007.

## BACKGROUND

8. On February 13, 2023, (the "Petition Date"), each of the Debtors commenced its Chapter 11 case (the "Cases") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors-in-possession.  No trustee has been appointed.  No official committee of unsecured creditors has been appointed.

9. The Debtors are New York limited liability companies.

10. The Fee Owner owns the real property known as and located at 541-545 West 21st Street, New York, New York (the "Property").

11. The Mezzanine Borrower and KOVA own the equity in the Fee Owner.

12. The Fee Owner acquired the Property in the early 1980s. The Property was utilized primarily as storage space for many years. As the real estate market changed in the West

Chelsea neighborhood of Manhattan and with the development of Hudson Yards, the Fee Owner elected to redevelop the Property into a first class modern office building.

### REQUEST FOR JOINT ADMINISTRATION

13.    The Debtors respectfully request at this time to have their Cases jointly administered, without substantive consolidation, with the In re Erbo Properties LLC Case being designated as the lead Case.  The Debtors respectfully submit joint administration will ease and expedite management of their Cases and eliminate considerable expenses arising as a result of multiple filings in these Cases.

14.    Pursuant to Bankruptcy Rule 1015(b), "[I]f . . . two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" within the meaning of Bankruptcy Code section 101(2).  This Court is therefore authorized to grant the requested relief.

15.    It would be far more practical and expedient for the administration of these Cases if the Court were to authorize their joint administration.  It is likely that many of the motions, hearings and orders that will arise in the Cases will affect all three Debtors.  Without joint administration of these matters, the Debtors will be required to file pleadings in each of their Cases, and any interested parties will be required to do the same.  Such duplication of efforts and expenses will continue if joint administration is not authorized.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Cases.

16. Joint administration will also allow the Court and the Debtors to employ a single docket for all of the Cases and to combine, and thereby simplify, notices to creditors and other interested parties. Joint administration will also enable interested parties in each of the Cases to stay apprised of all matters before the Court. Finally, joint administration will ease the burden on the United States Trustee in supervising these Cases.

17. The rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Cases because this Application requests only administrative, not substantive, consolidation of the estates. As a result of the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs to the estate, and to themselves, as a result of the requested joint administration. The Court will also be relieved of the burden of entering duplicate orders and maintaining duplicate files. Finally, supervision of the administrative aspects of the Cases by the United States Trustee will be simplified.

18. Based on the foregoing, the joint administration of the Cases is in the best interests of the Debtors, their creditors, and all other interested parties. Accordingly, the Debtors respectfully request entry of an order directing that, with the exception of Schedules, Statements of Financial Affairs, and matters relating exclusively to a single Debtor, all future pleadings and orders, whether captioned in one or more of the Cases, be filed and docketed exclusively under the docket number of <u>In re Erbo Properties LLC</u>, Case No. 23-10210 (LGB) as the lead case.

19. The Debtors also request the caption of the lead case be modified to reflect the joint administration of such cases, as follows:

```
-----------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
ERBO PROPERTIES LLC, et al.                         :    Case No.: 23-10210 (LGB)
                                                    :
                        Debtors.                    :    (Jointly Administered)
-----------------------------------------------------------------x
```

20.  The Debtors also request that a docket entry be made in each of the Cases as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of Erbo Properties LLC, Case No. 23-10210, Kova 521, LLC, Case No. 23-10211, and Gold Mezz LLC, Case No. 23-10212. The case docket in Case No. 23-10210 (LGB) (Erbo Properties LLC) should be consulted for all matters affecting the above listed cases.

### REQUEST FOR CONSOLIDATED MAILING MATRICES

21.  As the Cases each have separate but overlapping mailing matrixes, the Debtors request all future notices to the creditors or other interested parties in the Cases be directed to be made from one consolidated mailing matrix, so as to avoid duplicate mailings and related costs.

### NOTICE

22.  Notice of this Application is being sent to the United States Trustee for the Southern District of New York and the Debtors' lenders. In light of the procedural nature of the relief requested, the Debtors respectfully submit no further notice is required.

### NO PRIOR REQUEST

23.  No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request the entry of an order of this Court, in substantially the form being filed herewith as **Exhibit "A**," and granting to the Debtors such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 13, 2023

      **TARTER KRINSKY & DROGIN LLP**
      *Proposed Attorneys for Erbo Properties LLC, Kova 521, LLC and Gold Mezz LLC*
      *Debtors and Debtors-in-Possession*

      By: /s/ Scott S. Markowitz
           Scott S. Markowitz, Esq.
           Alex Spizz, Esq.
           Rocco A. Cavaliere, Esq.
           1350 Broadway, 11th Floor
           New York, New York 10018
           (212) 216-8000
           smarkowitz@tarterkrinksy.com
           aspizz@tarterkrinsky.com
           rcavaliere@tarterkrinsky.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                     :
                                                           :  Chapter 11
ERBO PROPERTIES LLC,                                       :
                                                           :  Case No.: 23-10210 (LGB)
                  Debtor.                                  :
---------------------------------------------------------- x
                                                           :
In re:                                                     :  Chapter 11
                                                           :
KOVA 521, LLC,                                             :  Case No.: 23-10211 (LGB)
                                                           :
                                                           :
                  Debtor.                                  :
---------------------------------------------------------- x
                                                           :
In re:                                                     :  Chapter 11
                                                           :
GOLD MEZZ LLC,                                             :  Case No.: 23-10212 (LGB)
                                                           :
                                                           :
                  Debtor.                                  :
---------------------------------------------------------- x

**ORDER (A) AUTHORIZING JOINT ADMINISTRATION OF THE
DEBTORS' CHAPTER 11 CASES; (B) AUTHORIZING A CONSOLIDATED
MAILING MATRIX; AND (C) GRANTING RELATED RELIEF**

Upon consideration of the Application, dated February 13, 2023 (the "Application")[1] of the above-captioned debtors (the "Debtors") for an Order, (a) directing the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only; (b) authorizing a consolidated mailing matrix; and (c) granting related relief; and upon the Local Rule 1007-2 declaration filed in the Debtors' cases; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing the relief requested by the Application is in the best interests of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

the Debtors, their estates, their creditors and other interested parties; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED AS FOLLOWS:**

1. The Application is GRANTED as set forth in this Order.

2. Each of the above-captioned Cases of the Debtors be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Cases.

4. The caption of the jointly administered Cases shall read as follows:

```
-----------------------------------------------------------x
In re:                                  :   Chapter 11
                                        :
ERBO PROPERTIES LLC, et al.             :   Case No.: 23-10210 (LGB)
                                        :
                     Debtors.           :   (Jointly Administered)
-----------------------------------------------------------x
```

5. All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the Case of <u>In re Erbo Properties LLC</u>, Case No. 23-10210 (LGB) as the lead case.

6. A docket entry shall be made in each of the Cases substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of Erbo Properties LLC, Case No. 23-10210, Kova 521, LLC, Case No. 23-10211 and Gold Mezz LLC, Case No. 23-10212. The case docket in Case No. 23-10210 (LGB) (Erbo Properties LLC) should be consulted for all matters affecting the above-listed cases.

7. The Debtors shall file separate monthly operating reports which reflect monthly disbursements of each Debtor.

089652\1\170112614.v2

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

No Objection to Entry of this Order:

**WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE**

By:_____
 _____, Esq.
  Trial Attorney


Dated:  New York, New York
     February \_\_\_\_\_, 2023

_____
**HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE**

3

089652\1\170112614.v2