HEARING DATE: MARCH 16, 2023
HEARING TIME: 10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for ERBO Properties LLC, KOVA 521, LLC and Gold Mezz LLC*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                              :
                                                    :     Chapter 11
                                                    :
ERBO PROPERTIES LLC, et al.[1]                      :
                                                    :     Case No.: 23-10210 (LGB)
                          Debtors.                  :     (Jointly Administered)
-------------------------------------------------------------- x

**NOTICE OF DEBTOR ERBO PROPERTIES LLC'S MOTION FOR ENTRY OF AN ORDER (I) REJECTING: (A) DEVELOPMENT MANAGEMENT AGREEMENT WITH HIGHER GROUND 541 LLC, AND (B) CONSTRUCTION MANAGEMENT AGREEMENT WITH CAULDWELL WINGATE COMPANY, LLC; (II) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES TO THE REJECTED CONTRACTS; AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE,** that upon the motion (the "Motion") of Erbo Properties LLC ("Erbo" or the "Fee Owner"), one of the debtors and debtors-in-possession in the above-captioned Chapter 11 cases, by its counsel, Tarter Krinsky & Drogin LLP, Erbo shall move before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, at the

---

[1] The Debtors are ERBO Properties LLC (EIN x9179), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (EIN x9972), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (EIN x4741), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

089896\1\170119964.v1

United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004 on **March 16, 2023 at 10:00 a.m.** (the "Hearing"), or as soon thereafter as counsel may be heard, for an Order, pursuant to § 365(a) of the Bankruptcy Code, Rules 2002, 3002, 3003, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York:

(i) rejecting (a) the Development Management Agreement dated October 8, 2018 by and between Erbo, as Owner of the real property known as and located at 541-545 West 21st Street, New York, New York (the "Property"), and Higher Ground 541 LLC as development manager, and (b) the construction management agreement dated June 18, 2019 between Erbo as Owner of the Property, and Cauldwell Wingate Company, LLC as construction manager (together, the "Agreements");

(ii) fixing a bar date for claims of counterparties to the rejected Agreements; and

(iii) granting related relief.

**PLEASE TAKE FUTHER NOTICE**, that the Hearing will held via Zoom for Government.[2]

**PLEASE TAKE FURTHER NOTICE**, that responsive papers or objections, if any, to the relief sought in the Motion shall be in writing and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-182 so as to be actually received on or before **5:00 p.m. (EST) on March 9, 2023**.

**PLEASE TAKE FURTHER NOTICE**, that responsive papers or objections, if any,

---

[2] Any party who wishes to attend is required to register their appearance by 4:00 p.m. one business day before any scheduled Zoom® or in person hearing with the eCourtAppearances tool on the Court's website. If you require assistance, please contact Judge Beckerman's Chambers or Court at 212-284-4040. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

shall be served upon: (a) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Scott S. Markowitz, Esq.; and (b) delivered to the chambers of the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004 so that same are received on or before **5:00 p.m. (EST) on March 9, 2023.**

**PLEASE TAKE FURTHER NOTICE,** that if you have no objections to the relief requested in the Motion, you need not appear at the hearing.

Dated: New York, New York
February 21, 2023

                                                   **TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Erbo Properties LLC, Kova 521, LLC and Gold Mezz LLC*
*Debtors and Debtors-in-Possession*

By: /s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jill Makower, esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

HEARING DATE: MARCH 16, 2023
HEARING TIME: 10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for ERBO Properties LLC, KOVA 521, LLC and Gold Mezz LLC*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| ERBO PROPERTIES LLC, et al.[1] | : | |
| | : | Case No.: 23-10210 (LGB) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------ x

**DEBTOR ERBO PROPERTIES LLC'S MOTION FOR ENTRY OF AN ORDER (I) REJECTING: (A) DEVELOPMENT MANAGEMENT AGREEMENT WITH HIGHER GROUND 541 LLC, AND (B) CONSTRUCTION MANAGEMENT AGREEMENT WITH CAULDWELL WINGATE COMPANY, LLC; (II) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES TO THE REJECTED CONTRACTS; AND (III) GRANTING RELATED RELIEF**

**TO:    THE HONORABLE LISA G. BECKERMAN**
        **UNITED STATES BANKRUPTCY JUDGE**

Erbo Properties LLC ("Erbo" or the "Fee Owner"), one of the debtors and debtors-in-

---

[1] The Debtors are ERBO Properties LLC (EIN x9179), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (EIN x9972), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (EIN x4741), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

089896\1\170118696.v3

possession in the above-captioned Chapter 11 cases, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3002, 3003, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"):

    (i) authorizing Erbo to reject (a) the Development Management Agreement dated October 8, 2018 ("DMA") by and between Erbo, as Owner of the real property known as and located at 541-545 West 21st Street, New York, New York (the "Property"), and Higher Ground 541 LLC ("Higher Ground") as development manager, and (b) the construction management agreement dated June 18, 2019 ("CMA") between Erbo as Owner of the Property, and Cauldwell Wingate Company, LLC ("Cauldwell") as construction manager (together, the "Agreements");

    (ii) fixing a bar date for claims of counterparties to the rejected Agreements; and

    (iii) granting related relief.

In support of this Motion, Erbo respectfully represents:

## JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, CJ) (the "Amended Standing Order").

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of these Chapter 11 cases and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.

4. The statutory bases for the relief requested herein are Bankruptcy Code §365, Bankruptcy Rules 2002, 3002, 3003, 6006 and 9014, and Local Rule 6006-1.

## BACKGROUND

5. On February 13, 2023 (the "Petition Date"), Erbo, Gold Mezz LLC (the "Mezzanine Borrower") and KOVA 521, LLC ("KOVA") (collectively, the "Debtors") each commenced its Chapter 11 case (the "Cases") by filing a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate as debtors-in-possession. No trustee and no official committee of unsecured creditors has been appointed in any of the Debtors' Cases.

6. By order dated February 14, 2023, the Debtors' Cases have been jointly administered, without substantive consolidation, with the In re Erbo Properties LLC Case being designated as the lead Case pursuant to Bankruptcy Rule 1015(b).

7. The Debtors are New York limited liability companies.

8. Erbo owns the Property.

9. The Mezzanine Borrower is the sole member of KOVA, and KOVA is the sole member of Erbo.

10. Erbo acquired the Property in the early 1980s. The Property was utilized primarily as storage space for many years. As the real estate market changed in the West Chelsea neighborhood of Manhattan and with the development of The High Line, Erbo elected to redevelop the Property into a first class modern office building.

11. The Debtors' manager, Erno Bodek ("Bodek"), lacked expereince in redeveloping commercial property in Manhattan. Therefore, in October 2018, Erbo entered into the DMA with Higher Ground providing for Higher Ground to oversee and implement all aspects of the redevelopment of the Property (the "Project").

12. Higher Ground assisted Erbo in securing loans from G-4 18190, LLC ("G-4"), a well-known middle market construction lender.

13. Higher Ground also recommended Erbo retain Cauldwell as the construction manager with respect to the Project. Based upon Higher Ground's recommendation, in June 2019, Erbo, as Owner of the Property, entered into the CMA with Cauldwell as construction manager. The CMA is a standard form AIA agreement with certain modifications.

14. Construction commenced in or about July 2019. At such time, it was anticipated the redevelopment of the Property would be completed and the temporary certificate of occupancy would be obtained by the end of 2020. However, as detailed in Bodek's declaration filed in the Debtors' Cases pursuant to Local Rule 1007-2 (the "Local Rule Declaration"), in 2021, G-4 started asserting the building loan was "out of balance" and threatened to cut off funding unless Bodek contributed additional monies or borrowed additional monies. The Debtors believe they have valid claims against Higher Ground for breach of the DMA and potentially Cauldwell for breach of the CMA which resulted in cost overruns and delay damages.

15. The Debtors substantially completed the redevelopment of the Property in or about August 2022. However, G-4 again asserted the construction loan was "out of balance" and demanded the Debtors' equity owners contribute additional capital. Bodek did not have the financial means to contribute additional capital and strongly disputed G-4's assertion the construction loan was "out of balance." A stalemate ensued and G-4 improperly withheld funding even though there was availability under the building loan. Thus, without such funding and although the Project was within weeks of obtaining a temporary certificate of occupancy from the City of New York Department of Buildings, work unfortunately stopped because, among other reasons, subcontractors were not receiving payments and Cauldwell and Higher Ground essentially disengaged from the Project.

16. Negotiations between the Debtors, G-4 and the Mezzanine Lender[2] ensued, but were unsuccessful. The Mezzanine Lender and G-4 issued default letters and the Mezzanine Lender scheduled a UCC sale to foreclose on its collateral (the Mezzanine Borrower's 100% membership interest in KOVA) for January 16, 2023, which was postponed until February 14, 2023. Despite the Debtors' best efforts in attempting to reach a resolution, the Mezzanine Lender declined to postpone the February 14, 2023 UCC sale. As a result, in order to attempt to preserve Erbo's equity in the Property and complete the construction, the Debtors elected to file these Chapter 11 Cases.

17. The Debtors require monies to complete the redevelopment of the Property and obtain a temporary certificate of occupancy so the Property can be leased. To implement this, the Debtors intend to retain a new construction manager/general contractor (Irving Oak Management LLC) which has recently toured the Property and reviewed the plans and the current status of the Project. Bodek was advised the new construction manager believes a temporary certificate of occupancy can be obtained within three to six months at a cost of less than $500,000.00.

18. G-4 does not appear willing to lend the Debtors any additional monies to complete the Project. As such, the Debtors have reached out to various companies which customarily make debtor-in-possession loans. The Debtors have obtained term sheets for DIP loans on a section 364(d)(4) priming basis in an amount sufficient to complete construction and

---

[2] Capitalized terms not defined herein shall have the meaning given in the Local Rule Declaration.

obtain a temporary certificate of occupancy. In addition, all of the proposed DIP lenders that are being considered are also willing to fund tenant improvements and leasing commissions to facilitate the leasing of the completed building. Pending obtaining a DIP loan, the Debtors' equity owner or family members will lend monies needed to transition the Project to the new construction manager/general contractor and perform limited work.

## RELIEF REQUESTED

19. By this Motion, Erbo seeks entry of an order substantially in the form of the Proposed Order attached hereto as **Exhibit "A**," (i) authorizing Erbo to reject the Agreements; (ii) fixing a bar date for claims of counterparties to the rejected Agreements; and (iii) granting related relief.

## BASIS FOR RELIEF

### I. Section 365(a) of the Bankruptcy Code Authorizes Erbo to Reject the Agreements

20. Under section 365(a) of the Bankruptcy Code, a trustee or debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

21. "Executory contract" is not a term defined in the Bankruptcy Code. See COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 524 F.3d. 373, 379 (2d Cir. 2008). The Second Circuit has characterized an executory contract as one "on which performance remains due to some extent on both sides ...." Id. at 379 (quoting In re Ionosphere Clubs, Inc., 85 F.3d 992 (2d Cir. 1996)). The standard test of "executoriness" is the "Countryman test," under which a contract is executory if "the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." Id. (quoting Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439, 460

(1973)); see also In re Avianca Holdings S.A., 618 B.R. 684, 696 (Bankr. S.D.N.Y. 2020)(stating "[m]ost courts have adopted Professor Countryman's definition of an executory contract" and applying Countryman test)).

22. In determining whether to permit a debtor in possession to assume or reject an executory contract, "the debtor's interests are paramount." Penn Traffic Co., 524 F.3d. at 383.

23. Accordingly, the decision to reject is governed by the business judgment rule. See In re Group of Inst. Investors, Inc. v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co., 318 U.S. 523, 550 (1943) ("[T]he question [of assumption] is one of business judgment"); Penn Traffic Co., 524 F.3d at 383; In re Old Carco LLC, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006); see also Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp., 872 F.2d 36, 40 (3d Cir. 1989); In re Armstrong World Indus., 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or lease is appropriate under section 365(a)."). The "process of deciding a motion to assume [or reject] is one of the bankruptcy court placing itself in the position of the . . . debtor in possession and determining whether assuming [or rejecting] the contract would be a good business decision or a bad one." In re The Great Atlantic & Pacific Tea Company, Inc., 544 B.R. 43, 48 (Bankr. S.D.N.Y. 2016) (quoting Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993)).

24. A debtor exercises sound business judgment with respect to its decision to reject an executory contract or unexpired lease where it determines, in good faith, that the proposed action will benefit the estate. See In re MF Global Inc., No. 11-2790, 2011 WL 6792758, at *2 (Bankr. S.D.N.Y. Dec. 20, 2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business

judgment."); Helm, 335 B.R. at 538 ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate.").

25. "Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered." Old Carco, 406 B.R. at 188 (quoting In re G Survivor Corp., 171 B.R. 755, 759 (Bankr. S.D.N.Y.1994)). "Courts routinely approve motions to assume ... or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." In re MF Glob. Holdings Ltd., 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012).

26. "The [debtor], in seeking to reject an executory contract, must support the motion with evidence—usually in the form of a declaration or affidavit—demonstrating that rejection of the contract falls within the proper exercise of the [debtor's] business judgment. That standard can be satisfied upon a showing that the contract will no longer be beneficial or necessary to the estates, that it has become burdensome to the estates, or that a prompt elimination of the attendant expenses will positively impact the [d]ebtors' ability to improve their financial condition." Id; In re Times Square JV LLC, No. 22-11715 (JPM), 2023 WL 1786408, at *4 (Bankr. S.D.N.Y. Feb. 4, 2023). "Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract ... would benefit the debtor's estate." Id.; Times Square JV LLC, 2023 WL 1786408, at *4.

27. As set forth below, the Agreements are executory contracts which Erbo may reject under section 365(a) of the Bankruptcy Code, and Erbo's decision to reject the Agreements constitutes a sound exercise of its business judgment.

## II. The DMA Should Be Rejected

28. The DMA is an executory contract because both Erbo and Higher Ground have material unperformed obligations thereunder. Under the DMA, Higher Ground is obligated to

finish the Project and obtain a temporary certificate of occupancy and the Fee Owner is obligated to make certain payments.

29. Rejection of the DMA is a good business decision which will serve the best interest of the Debtors' estates as it will facilitate the competition of the Project.

30. The Project is not complete and Higher Ground essentially disengaged from the Project. Further, the Debtors believe they have valid claims against Higher Ground for breach of the DMA which resulted in cost overruns and delay damages.

31. Erbo is determined to complete the Project quickly and cost-effectively. The Debtors believe this can best be accomplished by rejecting the Agreements and retaining the new construction manager/general contractor which, as discussed above, has recently toured the Property, reviewed the plans and the current status of the Project, and advised Erbo a temporary certificate of occupancy can be obtained within three to six months at a cost of less than $500,000.00. Rejecting the Agreements and retaining the new construction manager/general contractor will enable Erbo to complete the Project more expeditiously and at lower cost, and provide substantial financial benefit to the Debtors' estates.

32. Upon rejection of the DMA, Higher Ground will have a rejection claim which would only be a general unsecured claim. See 11 U.S.C. § 365(g); In re Lavigne, 114 F.3d 379, 387 (2d Cir. 1997) ("Rejection gives rise to a remedy for breach of contract in the non-debtor party. The claim is treated as a pre-petition claim, affording creditors their proper priority.").

### III. The CMA Should Be Rejected

33. Erbo similarly has ample justification for the rejection of the CMA.

34. The CMA is an executory contract because both Erbo and Cauldwell have material unperformed obligations thereunder. Under the CMA, Cauldwell is obligated to

complete the Project and obtain at least a partial certificate of occupancy and Erbo is obligated to make payments to Cauldwell.

35. The Project is not complete and Cauldwell essentially disengaged from the Project. Additionally, the Debtors believe they potentially have valid claims against Cauldwell for breach of the CMA, which resulted in cost overruns and delay damages.

36. Rejection of the CMA would benefit the Debtors' estates and represents a sound business judgment. Retaining the new construction manager/general contractor will enable Erbo to complete the Project more quickly and at lower cost.[3] Erbo will have no need for the CMA once it retains the new construction manager/general contractor.

37. Upon rejection of the CMA, Cauldwell will have a rejection claim which would only be a general unsecured claim.[4]

38. Based on the foregoing, Erbo should be authorized to reject the Agreements under Bankruptcy Code section 365(a).

## CLAIMS BAR DATE

39. The counter-parties to the Agreements may have rejection damage claims under §502 of the Bankruptcy Code or other claims in connection with the Agreements or the rejection or termination of the Agreements. The Debtors request that the counter-parties under the Agreements, to the extent applicable, be required to file proofs of claim relating to the rejection of the Agreements on or before thirty-five (35) days after the effective date of such rejection as ordered by this Court, pursuant to Bankruptcy Rule 3003(c)(3).

40. Bankruptcy Rule 3002(c)(4) provides: "A claim arising from the rejection of an

---

[3] Cauldwell has advised the Debtors it will require payments of approximately $2 million for work performed to date as a condition of continuing to perform. The Debtors would need to obtain an order from this Court authorizing the payment of such pre-petition claims.
[4] Cauldwell may have filed a mechanic's lien which may result in Cauldwell holding a secured claim.

executory contract or unexpired lease of the debtor may be filed within such time as the court may direct." Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix . . . the time within which proofs of claim … may be filed....". Bankruptcy Rule 2002(a)(7) requires at least twenty-one (21) days notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

41.     The Debtors will give notice of such bar date to each counter-party to a rejected Agreement by service of the order approving the Motion and fixing such bar date. The Debtors will serve such order within three (3) business days of its entry, thereby satisfying the requirements of Bankruptcy Rule 2002(a)(7).

## NOTICE

42.     The Debtors propose to provide notice of this Motion by first class mail and email to (a) the U.S. Trustee; (b) G-4 18190, LLC, by its counsel; (c) 541 West 21 SME LLC (Mezzanine Lender), by its counsel; (d) the counter-parties to the Agreements, by their counsel; and (e) all entities that filed a notice of appearance and request for service of documents in these Chapter 11 Cases. The Debtors respectfully submit such notice is adequate and complies with the Bankruptcy Rules.

## RESERVATION OF RIGHTS

43.     The Debtors may have claims against the counter-parties to the Agreements arising under, or independently of, the Agreements. The Debtors do not waive such claims by the filing of this Motion or the rejection of the Agreements.

44.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the

amount of, basis for or validity of any claim against the Debtors; or (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders or any other party.

## NO PRIOR REQUEST

45. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** Erbo respectfully requests the entry of an order of this Court, in substantially the form of the Proposed Order, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
 February 21, 2023

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Erbo Properties LLC, Kova 521, LLC and Gold Mezz LLC*
*Debtors and Debtors-in-Possession*

By: /s/ Scott S. Markowitz
 Scott S. Markowitz, Esq.
 Alex Spizz, Esq.
 Rocco A. Cavaliere, Esq.
 Jill Makower, esq.
 1350 Broadway, 11th Floor
 New York, New York 10018
 (212) 216-8000
 smarkowitz@tarterkrinsky.com
 aspizz@tarterkrinsky.com
 rcavaliere@tarterkrinsky.com
 jmakower@tarterkrinsky.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| In re: | : | |
|---|---|---|
| | : | Chapter 11 |
| ERBO PROPERTIES LLC, et al.[1] | : | |
| | : | Case No.: 23-10210 (LGB) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------ x

# ORDER (I) REJECTING EXECUTORY CONTRACTS; (II) FIXING BAR DATE FOR CLAIMS OF COUNTERPARTIES TO THE REJECTED CONTRACTS; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion dated February 21, 2023 (the "Motion")[2] of Erbo Properties LLC ("Erbo"), one of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3002, 3003, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), (i) authorizing Erbo to reject the Agreements; (ii) fixing a bar date for claims of counterparties to the rejected Agreements; and (iii) granting related relief; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other interested parties; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is GRANTED to the extent set forth herein.

---

[1] The Debtors are ERBO Properties LLC (EIN x9179), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (EIN x9972), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (EIN x4741), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

2. Pursuant to section 365(a) of the Bankruptcy Code, the Agreements are rejected, effective as of the date of entry of this Order.

3. <u>Bar Date</u>. Any proofs of claim relating to the relief granted herein, including, without limitation, any and all claims arising from the rejection of the Agreements, must be filed within thirty-five (35) days of entry of this Order, which the Debtors are directed to serve upon the counter-parties to the Agreements within three (3) days of the date of entry of this Order, and any party that fails to timely file such a proof of claim shall be forever barred from asserting such claim against any of the Debtor.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
_____, 2023

          **HONORABLE LISA G. BECKERMAN**
          **UNITED STATES BANKRUPTCY JUDGE**

2

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for ERBO Properties LLC, KOVA 521, LLC and Gold Mezz LLC*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Alex Spizz, Esq.
Rocco A. Cavaliere, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
aspizz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                         :
                                                               :    Chapter 11
ERBO PROPERTIES LLC, et al.[1]                                 :
                                                               :    Case No.: 23-10210 (LGB)
                                        Debtors.               :    (Jointly Administered)
------------------------------------------------------------ x

# DECLARATION OF ERNO BODEK IN SUPPORT OF DEBTOR ERBO PROPERTIES LLC'S MOTION TO REJECT ITS (A) DEVELOPMENT MANAGEMENT AGREEMENT WITH HIGHER GROUND 541 LLC, AND (B) CONSTRUCTION MANAGEMENT AGREEMENT WITH CAULDWELL WINGATE COMPANY, LLC

I, Erno Bodek, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the manager of Erbo Properties LLC ("Erbo" or the "Fee Owner"), Gold Mezz LLC (the "Mezzanine Borrower") and KOVA 521, LLC ("KOVA") (collectively, the "Debtors"), each New York limited liability companies.

2. The Fee Owner owns the real property known as and located at 541-545 West 21st Street, New York, NY (the "Property").

---

[1] The Debtors are ERBO Properties LLC (EIN x9179), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (EIN x9972), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (EIN x4741), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

089896\1\170118802.v1

3. The Mezzanine Borrower is the sole member of KOVA, and KOVA is the sole member of Erbo. I am a member of the Mezzanine Borrower.

4. I am duly authorized by the Debtors to make this declaration in support of *Debtor Erbo Properties LLC's Motion For Entry Of An Order (i) Rejecting: (A) Development Management Agreement With Higher Ground 541 LLC, And (B) Construction Management Agreement With Cauldwell Wingate Company, LLC; (ii) Fixing A Bar Date For Claims Of Counterparties To The Rejected Contracts; And (iii) Granting Related Relief* (the "Motion").[2] As described in the Motion, Erbo seeks authority to reject the agreements.

5. I am generally familiar with the Debtors' day to day operations, business, and financial affairs, and books and records. I have personal knowledge of the matters described in the Motion and I am familiar with (a) the Development Management Agreement dated October 8, 2018 ("DMA") by and between Erbo, as Owner of the Property, and Higher Ground as Development Manager, and (b) the construction management agreement dated June 18, 2019 ("CMA") between Erbo as Owner of the Property, and Cauldwell as construction manager (together, the "Agreements").

6. Based on my personal knowledge, I believe the factual statements contained in the Motion are true and correct and that Erbo's decision to reject the Agreements reflects a sound exercise of business judgment.

Executed this 21st day of February 2023

/s/ Erno Bodek
Erno Bodek
*Manager of Erbo Properties LLC, Gold Mezz LLC, and KOVA 521, LLC*
*Debtors and Debtors-in-Possession*

---

[2] Capitalized terms not defined herein, shall have the meanings given in the Motion.