KIRBY AISNER & CURLEY LLP
*Proposed Substitute Attorneys for the Debtors*
*ERBO Properties LLC and Kova 521 LLC*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Erica R. Aisner, Esq.
eaisner@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

ERBO PROPERTIES LLC, et. al.[1],

Debtors.

-----------------------------------------------------------X

Chapter 11
Case No. 23-10210 (LGB)
Jointly Administered

**DECLARATION OF ERICA AISNER, ESQ. IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN KIRBY AISNER & CURLEY, LLP AS SUBSTITUTE ATTORNEYS FOR DEBTORS ERBO PROPERTIES LLC AND KOVA 521 LLC EFFECTIVE AS OF AUGUST 3, 2023**

Pursuant to 28 U.S.C. §1746, Erica R. Aisner declares, under penalty of perjury, as follows:

1. I am an attorney duly admitted to practice before this Court and a partner of the firm Kirby Aisner & Curley, LLP (the "KAC Firm"), 700 Post Road, Suite 237, Scarsdale, New York 10583.

2. The factual statements in this declaration are based on my personal knowledge and information supplied to me by partners and employees of the KAC Firm, and if called and sworn as a witness, I could and would testify completely thereto.

3. I submit this Declaration in support of the Application dated August 3, 2023 (the "Application") of debtors ERBO Partners LLC ("Erbo") and KOVA 521 LLC ("Kova") (together with affiliate debtor, Gold Mezz LLC, the "Debtors"), debtors and debtor-in-possession in the

---

[1] The Debtors are ERBO Properties LLC (EIN x9179), Case No.: 23-10210; KOVA 521, LLC (EIN x9972), Case No.: 23-10211, and Gold Mezz LLC (EIN x4741).

above captioned Chapter 11 cases, for entry of an order pursuant to §327(a) of title 11 of the United States Code, Sections 101, et seq. (the "Bankruptcy Code") to employ and retain the KAC Firm as its substitute attorneys effective as of August 3, 2023.

4. I am familiar with the contents of the Application and the factual representations contained therein and believe them to be true and correct.

5. I have read and I am fully familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and I am the partner of the KAC Firm who will be responsible for the KAC Firm's representation of debtors Erbo and Kova in these jointly administered Chapter 11 cases. I am fully competent to handle whatever might be expected of the bankruptcy counsel in these matters.

6. The KAC Firm is not a creditor of the Debtors or their estates.

7. In preparing this Declaration, a conflict search was conducted which compared a list of the Debtors, their creditors and other parties-in-interest and stakeholders, together with their respective counsel to all past and present matters handled by the KAC Firm as well as to circulate such list to the partners and staff of the firm to identify any potential connection that each may have outside of the firm. These efforts have confirmed that neither I nor any partner or employee of the KAC Firm represents any interest adverse to the Debtors herein or their estates in the matters upon which the KAC Firm is to be engaged.

8. I can also confirm that neither I, nor any partner or employee of the KAC Firm, has any connection with the United States Trustee, any person employed by the Office of the United States Trustee for Region 2 or Hon. Lisa G. Beckerman (U.S.B.J.), her courtroom deputy Chantel Barrett or her law clerks, Ali Ismail, Griselda Cabrera or Tyler Talton.

9.      The foregoing notwithstanding, for purposes of full disclosure, it should be noted that on December 12, 2022, Dawn Kirby, Esq. and Julie Curley, Esq., partners at the KAC Firm, received an email from Hershel Klein, the son-in-law of Erno Bodek, a member of affiliate debtor Gold Mezz LLC. Mr. Klein indicated that he was "helping his father-in-law out" and was seeking a bankruptcy consult for the "property." Attached to the email was a Broker's Opinion of Value for the property and a Notice of Disposition of Collateral dated December 1, 2022, from 521 W 21 SME LLC. Ms. Kirby responded with her availability for a call and confirmed the noticed date for sale of the membership interests with Mr. Klein which was not until January 16, 2023. A brief telephone consultation occurred later that evening between Mr. Klein and Ms. Kirby during which time she explained the basics of Chapter 11, the benefits of the automatic stay, a potential offer for the sale of the property and a retainer quote was given. No further communications occurred following the call. The only documents provided to Ms. Kirby were documents referenced herein which were attached to the initial email from Mr. Klein. The KAC Firm was not retained and received no compensation for the initial consultation. Ms. Kirby was not provided with any information which would create a conflict of interest or preclude the proposed engagement by Erbo and Kova during the email exchange or the telephone conversation that followed. Ms. Curley was not involved in any communications beyond her receipt of the initial email from Mr. Klein.

10.     Upon information and belief, Mr. Klein's counsel, Melissa Pena, Esq., has advised that, provided that an "ethical wall" is observed by the KAC Firm with respect to the proposed engagement and Ms. Kirby, that her client does not intend to raise an objection to the Application.

11.     While the KAC Firm and its partners do not believe that the December, 2022 communications between Ms. Kirby and Mr. Klein create any conflict that would prevent the proposed engagement of the KAC Firm by Erbo and Kova, we have agreed to the request for an

3

"ethical wall" to assuage any concerns that any of the parties, the United States Trustee or the Court may have on the subject.[2] An "ethical wall" will include restricted access to all documents[3] maintained in these matters and no sharing of any privileged information in any form whatsoever with Ms. Kirby.

12. Insofar as I have been able to ascertain, and based upon the foregoing, it is respectfully submitted that the KAC Firm is a disinterested party within the meaning of section 101(14) of the Bankruptcy Code, neither holds nor represents any adverse interest to, and has no connections to, the Debtors, the Debtors' estates, their respective creditors, any other parties in interest or their respective attorneys and accountants, with respect to matters for which the KAC Firm is to be engaged.

13. The KAC Firm has not agreed to share any compensation it may receive with another party or person, other than with the partners and associates of the KAC Firm.

14. Subject to Court approval, compensation will be paid to KAC for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. KAC's 2023 hourly rates for matters related to these Chapter 11 proceedings are as follows:

| | |
|---|---|
| Partners | $475-$575/ hr |
| Associates | $295 - $325/ hr |
| Law Clerks | $200/ hr |
| Paraprofessionals | $150/ hr |

15. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard, if not below standard rates for work of this

---

[2] See *Yosef A. Maiman and Merhav (M.N.F.) Limited v.Spizz (In re Ampel-American Israel Corp.)*, 554 B.R. 604 (2016) (where representation of trustee by firm as his general counsel was permitted notwithstanding law firm's actual possession of privileged materials and previous representation of one of the largest creditors of the estate and another entity with adverse interests, given the erection of ethical wall to prevent disclosure).

[3] The KAC Firm is a "paperless" office and maintains all documents and information in electronic format which is stored on cloud-based servers. Therefore, access to designated users can easily be restricted through our IT systems to designated files.

nature. These rates are designed to fairly compensate KAC for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

16. It is the KAC Firm's policy to charge its clients in all areas of practice for all expenses incurred in connection with the client's case. The expenses charged to clients include telecopier, mail and express and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research, and transcription costs. The KAC Firm will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

17. The KAC Firm has received a third-party retainer from SME Capital Ventures, LLC, the managing member of 541 W 21 SME LLC, in the amount of $20,000, to be applied to fees and expenses incurred in connection with the proposed engagement. See annexed Declaration from Eran Silverberg annexed hereto as Exhibit B.

18. KAC will be paid for the legal services rendered upon application duly filed and approved by this Court pursuant Bankruptcy Code § 330.

19. Based upon the information available to me, the KAC Firm neither holds nor represents any interest adverse to the Debtors, the Debtors' estates or their creditors as to the matters in which it is to be employed. I believe the KAC Firm is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code. I know of no reason why the KAC Firm cannot act as attorneys for Erbo and Kova.

20. Based upon the foregoing, it is respectfully requested that the Application be granted permitting the retention of the KAC Firm as set forth therein.

Dated: Scarsdale, New York
       August 3, 2023

                                            */s/ Erica Aisner*
                                            Erica R. Aisner, Esq.