UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
ERBO PROPERTIES LLC, *et al.*[1]                    :    Case No.: 23-10210 (LGB)
                                                    :
                              Debtors.              :    (Jointly Administered)
------------------------------------------------------------x

## NOTICE OF HEARING

**PLEASE TAKE NOTICE**, that upon the annexed MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE (the "Motion"), the United States Trustee will move the Court for an order dismissing this case.

**PLEASE TAKE FURTHER NOTICE**, that the Motion will be heard on **April 2, 2024, at 10:00 a.m.** through the Zoom for Government. Participants in the hearing are required to register their appearance by 4:00 p.m. the day before the hearing utilizing the e-Court Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Please read the PROCEDURES FOR ALL HEARINGS BEFORE JUDGE BECKERMAN BEING HELD BY ZOOM VIDEO attached hereto for details regarding Zoom hearing procedures.

**PLEASE TAKE FURTHER NOTICE,** that objection to the Motion shall be in writing and filed and served no later than **March 26, 2024, at 4:00 p.m.**

Dated: New York, New York
       March 12, 2024

                   WILLIAM K. HARRINGTON
                   UNITED STATES TRUSTEE, Region 2

                   By: */s/ Tara Tiantian*

---

[1] The Debtors are ERBO Properties LLC (9179) ("Erbo"), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (9972) ("KOVA"), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (4741) ("Gold"), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

Tara Tiantian
Trial Attorney
One Bowling Green, Room 534
New York, NY 10014

## PROCEDURES FOR ALL HEARINGS BEFORE JUDGE BECKERMAN BEING HELD BY ZOOM VIDEO

The Zoom video hearing (the "Hearing") held in connection with this notice will be conducted in accordance with the procedures contained herein.

With respect to Hearings that are evidentiary hearings or trials, the procedures contained herein are subject to, and do not limit, the terms of any pre-trial order, scheduling order, or other order regarding the Hearings.

These procedures have been modified to comply with the revised policy, effective September 22, 2023, of the Judicial Conference of the United States concerning the public's remote access to civil and bankruptcy proceedings (the "Revised Policy"). Under the Revised Policy, the press and other public attendees ("Public Attendees") may only receive <u>audio</u> access to non-evidentiary Hearings when appearing remotely. For evidentiary hearings and trials, Public Attendees may not attend via remote means and should attend in-person in the courtroom. The Revised Policy does not affect the ability of case participants (e.g., parties-in-interest and their attorneys, witnesses, and interpreters) ("Case Participants") from attending Zoom Hearings using the platform's videoconferencing features.

All Case Participants and Public Attendees that wish to attend a Zoom Hearing (whether attending remotely or in-person) must register for the Hearing through the Electronic Appearance Portal ("eCourt Appearance Tool") located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) by the deadlines set forth in Sections 2 and 3 below.

## PROCEDURES

1. **Audio and Videoconferencing Solutions.** The Hearing shall occur virtually using both audio and videoconferencing solutions as set forth herein. The Court shall utilize Zoom for Government (for audio and video purposes). The Court shall provide the Zoom link to the list of persons registered as Case Participants pursuant to the instructions set forth in Section 2 below and a Zoom dial-in number to Public Attendees who provide notice of their attendance to the Court pursuant to the instructions set forth in Section 3 below.

2. **Hearing Attendance by Case Participants.** All Case Participants must register for the Hearing through the eCourt Appearance Tool by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Case Participant not being admitted to the Hearing. The Court will email the Zoom link to registered Case Participants after 4:00 p.m. (ET) one business day before the Hearing. Parties are strictly forbidden from circulating or sharing the Zoom link.

3. **Hearing Attendance by Public Attendees.** All Public Attendees who wish to dial-in to a Hearing where testimony is not expected must register for the Hearing through the eCourt

1

Appearance Tool by no later than 4:00 p.m. (ET) one business day before the Hearing. Failure to register by the specified deadline will result in the Public Attendee not being admitted to the Hearing. The Court will email the Zoom dial-in information to registered Public Attendees prior to the Hearing. Registered Public Attendees are strictly forbidden from circulating or sharing the Zoom dial-in information. Because Public Attendees cannot dial in to a Hearing where testimony is expected, Public Attendees may attend such a Hearing in person in the courtroom.

4. **Courtroom Formalities.** Although being conducted using audio and videoconferencing on Zoom, the Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. No participant or attendee of the Hearing may record images or sounds of the Hearing from any location. All parties appearing before the Court must situate themselves in such a manner as to be able to view the video screen and be seen by the Court. For purposes of this Hearing, the parties must observe the formalities of a courtroom.

5. **Submission of Exhibits and Demonstratives to Court.** If any of the parties intend to offer any exhibits at the Hearing or use any demonstratives at the Hearing, such party shall provide the Court (and file on ECF) a copy of the exhibits or demonstratives it will seek to use during the Hearing (either by offering it in evidence or using it for demonstrative purposes) no later than the deadline set forth in Judge Beckerman's Chambers Rules or the applicable scheduling or pre-trial order but in any event at least 24 hours before the Hearing.

6. **Checking in for Hearing.** Because of the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing beginning half an hour before the scheduled start of the Hearing and no later than ten minutes before the Hearing start time. Failure to connect to the Hearing at the indicated time may result in significant delays to the start of the Hearing. When signing into Zoom for Government, participants must type in the first and last name that will be used to identify them at the hearing, and the party they represent (i.e., Jane Doe, Debtor's Counsel). Participants who type only their first name, a nickname, or initials will not be admitted into the hearing. When seeking to connect for video participation in a Zoom for Government hearing, participants will first enter a waiting room in the order in which the participants seek to connect. Court personnel will admit each person to the Hearing from the waiting room after confirming the person's name (and telephone number, if a telephone is used to connect) provided to the Court in accordance with Sections 2 and 3 above. You may experience a delay in the waiting room before you are admitted to the Hearing. Once admitted, please turn off your video and mute the microphone on Zoom until the Court calls your matter.

7. **Retention of Jurisdiction.** The Court retains jurisdiction with respect to all matters arising from or related to these procedures.

2

WILLIAM K. HARRINGTON
United States Trustee for Region 2
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Telephone: (212) 510–0500
By:   Tara Tiantian
       Trial Attorney

Hearing Date: April 2, 2024 at 10 a.m.
Objection Due: March 26, 2024 at 4 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
ERBO PROPERTIES LLC, *et al.*[1]                    :   Case No.: 23-10210 (LGB)
                                                    :
                                        Debtors.    :   (Jointly Administered)
------------------------------------------------------------x

## MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR ALTERNATIVELY CONVERT THE CHAPTER 11 CASES OF ERBO PROPERTIES LLC AND KOVA 521 LLC TO CHAPTER 7

TO:   THE HONORABLE LISA G. BECKERMAN

       UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby moves the Court for an order dismissing the Chapter 11 cases of ERBO Properties LLC and KOVA 521 LLC (collectively the "Debtors"), or alternatively, convert those cases to Chapter 7. In support of his motion, the United States Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

The Debtors' cases have not had any substantial movement since the change of

---

[1] The Debtors are ERBO Properties LLC (9179) ("Erbo"), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (9972) ("KOVA"), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (4741) ("Gold"), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

1

ownership in July 2023. Since July 2023, the only activities on the docket are the retention application of Debtors' counsel, an objection to prior counsel's fee application, and a notice of withdrawal of certain motions filed by prior counsel before the ownership change. Since November 2023, the docket has been silent. The Debtors have not filed monthly operating reports since June 2023, and therefore, the current status of the Debtors is completely unknown. The Debtors, whose only asset is a real estate property, failed to provide proof of property insurance. The cases are essentially static. Accordingly, these cases should be dismissed.

## FACTUAL BACKGROUND

1. On February 13, 2023, Erbo Properties LLC ("ERBO"), KOVA 521 LLC ("KOVA"), and Gold Mezz LLC ("Gold Mezz") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF No. 1.

2. The cases are jointly administered for procedural purpose only.[2] ECF No. 8.

3. The bankruptcy case of Gold Mezz was dismissed on September 20, 2023 upon U.S. Trustee's motion and was closed on the same day. *See* ECF No. 11.

4. According to the 1007 Affidavit, KOVA owns ERBO, and ERBO is the fee owner of a property located at 541-545 West 21st Street, New York, NY (the "Property"). *See* ECF No. 5.

5. According to the Schedules of ERBO, ERBO's only asset is the Property. *See* ECF No. 3.

6. According to the Schedules of KOVA, KOVA's only asset is the membership interest in ERBO. *See* KOVA ECF No. 3.

---

[2] Unless otherwise noted, the ECF numbers herein refer to ERBO's docket.

2

7. On July 12, 2023, the Court granted SME[3]'s *Motion for an Order Terminating the Automatic Stay Pursuant to U.S.C. § 362 and Other Related Relief,* ECF No. 54 (the "Lift Stay Order"). ECF No. 128.

8. Pursuant to the Lift Stay Order, SME or its designee shall possess the membership interest of KOVA and thereby exclusively control ERBO. *Id.*

9. On August 22, 2023, the Court granted Tarter Krinsky & Drogin's motion to withdraw counsel of KOVA and ERBO. ECF No. 139.

10. On August 23, 2023, the Court entered an order authorizing the employment of Kirby Aisner & Curley LLP as counsel for KOVA and ERBO. ECF No. 140.

11. Since SME took over the ownership interest in KOVA and ERBO (indirectly by virtue of owning KOVA) and hired new counsel in July /August 2023, the cases have not had any progress. As reflected on the docket, the only movements since then are (i) retaining new counsel, (ii) an objection to prior counsel's fee application, and (iii) a notice of withdrawal of certain motions filed by prior counsel. ECF Nos. 150; 153. Since November 2023, there has been no docket filing of any kind.

12. ERBO and KOVA have not filed monthly operating reports since June 2023. *See* the docket generally.

13. Counsel for the U.S. Trustee learned from Debtors' counsel that there have been some communication difficulties between counsel and debtors, and it has been difficult to make progress in the reorganization process.

14. The Debtors have not provided evidence of property insurance to the U.S. Trustee. The Debtors provided the UST with a certificate of liability insurance but it expired in May 2023.

---

[3] SME is the mezzanine lender who loaned monies to Gold Mezz and had a security interest in Gold Mezz's membership interest in KOVA before the stay was lifted.

3

## ARGUMENT

Under Section 1112 of the Bankruptcy Code, the Court shall dismiss or convert a Chapter 11 case if cause exists, whichever is in the best interest of the estate and creditors, unless the court determines the appointment of a trustee or examiner is in the best interest of the estate and creditors. *See* 11 U.S.C. §1112 (b)(1). The list of cause under section 1112(b)(4) is illustrative and non-exhaustive. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997); *In re Century/ML Cable Venture,* 294 B.R. 9, 34 (Bankr. S.D.N.Y. 2003).

**A. The Debtors Have Not Filed Monthly Operating Report Since June 2023**

A debtor's "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" is a cause for dismissal or conversion. 11 U.S.C. 1112(b)(4)(F). "The failure to file monthly operating statements as required by the Local Rules of the Bankruptcy Court and the United States Trustee's Operating Guidelines, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of Chapter 11 proceedings." *In re Roma Grp., Inc.*, 165 B.R. 779, 780 (S.D.N.Y. 1994). "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process[;] Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something[;] They are the means by which creditors can monitor a debtor's post-petition operations." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) "As a fiduciary, the debtor is obligated to protect and conserve property in its possession, as well as to provide voluntary and honest disclosure of financial information—a reasonable 'quid pro quo' for its temporary relief from substantial financial obligations." *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 816 (Bankr. N.D.N.Y. 1989) (citing collective cases).

4

It is undisputed that ERBO and KOVA failed to file monthly operating reports since June 2023, the last report filed was for May 2023. ECF No. 112. That fact alone is a ground for dismissal or conversion.

**B. The Property Does Not Appear to Be Insured**

The failure to maintain appropriate insurance that poses a risk to the estate or to the public is a cause for dismissal or conversion. 11 U.S.C. 1124(b)(4)(C). The Debtors have not provided the proof of property insurance for the Property to the U.S. Trustee, and the liability insurance has expired. The Property is ERBO's only asset, and KOVA's value entirely depends on the value of the Property. Since the Property appears uninsured, it poses a substantial risk to the estate of both debtors.

**C. The Debtors Are Unable to File and Effectuate Plans of Reorganization.**

Stalled cases without substantive progress toward a plan of reorganization is cause for dismissal or conversion. In *In re Larmar Ests., Inc.*, 6 B.R. 933, 935 (Bankr. E.D.N.Y. 1980), the court dismissed the case upon finding "the debtors have enjoyed the protection of Chapter 11 for seven months and has been absolutely no movement toward the confirmation of a plan in these cases." The court concluded that "it is clear that the debtors have been unable to effectuate plans of reorganization; accordingly, the [c]ourt finds that cause has been shown for dismissing or converting the debtors' Chapter 11 cases." *Id.* at 936. In *In re Van Eck*, 425 B.R. 54, 65 (Bankr. D. Conn. 2010), the court found cause to dismiss present when "18 months that have already passed without much action on the part of the Debtor to move this case along" and the plan filed was to be funded by speculative sources. Here, the cases were filed 13 months ago. After an ownership/ management change in July 2023, the Debtors in November 2023 withdrew the previous owner's motion to approve the disclosure statement and the motion to reject the

5

construction contract. ECF No. 153. Thereafter, there has not been any movement in this case. It is especially concerning that it appears the communication between Debtors and counsel has been broken, which further diminishes the prospect of reorganization. Because the monthly operating report has not been filed for nearly a year, the current financial status of the Debtors is unknown. These cases are essentially static at this point. Remaining in bankruptcy longer does not seem to be able to generate any benefits for the parties, and therefore, it appears to be in the best interest of the creditors and estate to release creditors from the automatic stay and resolve their matters outside bankruptcy. The U.S. Trustee recommends dismissal.

## CONCLUSION

Based on the foregoing, the U.S. Trustee respectfully requests the Court dismiss the case of ERBO Properties LLC and KOVA 521 LLC, or alternatively convert them to Chapter 7, and grant other relief the Court deems just and proper.

Dated: New York, New York
March 12, 2024

>                             Respectfully submitted,
>
>                             WILLIAM K. HARRINGTON
>                             UNITED STATES TRUSTEE, Region 2
>
>                             By: */s/ Tara Tiantian*
>                             Tara Tiantian
>                             Trial Attorney
>                             Alexander Hamilton Custom House
>                             One Bowling Green, Room 534
>                             New York, NY 10014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                                   :    Chapter 11
                                                         :
ERBO PROPERTIES LLC, et al.[1]                           :    Case No.: 23-10210 (LGB)
                                                         :
                                         Debtors.        :    (Jointly Administered)
---------------------------------------------------------x

## ORDER DISMISSING THIS CASE

Upon the motion (the "UST Motion") of William K. Harrington, the United States Trustee for Region 2, to dismiss the Chapter 11 cases of ERBO PROPERTIES LLC and KOVA 521 LLC [ECF No. __]; and the Court having held a hearing therefor on April 2, 2024; and the Court having found cause exists to dismiss the cases and dismissal is in the best interest of the creditors and estates, and it is hereby

**ORDERED**, that the UST Motion is granted; and it is further

**ORDERED**, that the chapter 11 cases of ERBO PROPERTIES LLC and KOVA 521 LLC are dismissed[2]; and it is further

**ORDERED**, that Debtors shall, within fourteen days of dismissal, pay the statutory fees due under 28 U.S.C. § 1930(a)(6) through the date of the entry of this Order and file an affidavit setting forth disbursements for the relevant period.

Dated: New York, New York
       _____, 2024

                                                              /s/_____

---

[1] The Debtors are ERBO Properties LLC (9179) ("Erbo"), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; KOVA 521, LLC (9972) ("KOVA"), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and Gold Mezz LLC (4741) ("Gold"), Case No.: 23-10212, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.
[2] The case of GOLD MEZZ LLC (another debtor jointly administered with these two debtors) was dismissed by the Court on September 20, 2023. *See* ECF No. 11.

1

HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

23-10210-lgb    Doc 156    Filed 03/12/24    Entered 03/12/24 12:54:27    Main Document
Pg 12 of 12