HEARING DATE: APRIL 2, 2024
HEARING TIME: 10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Pro Se*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                        :
                                                              :    Chapter 11
                                                              :
ERBO PROPERTIES LLC, et al.[1]                                :    Case No.: 23-10210 (LGB)
                                                              :    (Jointly Administered)
                    Debtors.                                  :
------------------------------------------------------------x

**TARTER KRINSKY & DROGIN LLP'S OBJECTION TO THE UNITED STATES
TRUSTEE'S MOTION TO DISMISS AND REQUEST
FOR CONVERSION TO CHAPTER 7**

Tarter Krinsky & Drogin LLP ("TKD"), the holder of a Chapter 11 administrative claim in the amount of $256,805.50, hereby submit this objection (the "Objection") to the motion filed by the United States Trustee ("UST") pursuant to section 1112 of the Bankruptcy Code and request the Court enter an order converting Erbo Properties LLC's and KOVA 521, LLC's (collectively, the "Debtors") Chapter 11 cases to Chapter 7.

**PRELIMINARY STATEMENT**

1.  TKD cannot seriously dispute the UST has established "cause" under

---

[1] The Debtors are ERBO Properties LLC (EIN x9179) ("Erbo"), Case No.: 23-10210, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211; and KOVA 521, LLC (EIN x9972) ("KOVA"), Case No.: 23-10211, with a mailing address at 551 Bedford Avenue, Brooklyn, NY 11211.

089896\1\170665670.v1

section 1112 of the Bankruptcy Code for either conversion to Chapter 7 or dismissal. Ordinarily on a motion of this nature, TKD, as former counsel to the Debtors, would not weigh in. However, under the circumstances herein, TKD respectfully submits the Court should convert these cases rather than dismiss in order for an independent trustee to investigate and determine why 541 W 21 SME LLC ("SME") has taken no actions to move forward with its plan of reorganization as was represented to the Court in the Eran Silverberg's ("Mr. Silverberg") declaration filed under ECF Doc No. 90. In addition, it is unclear from the record whether SME has even fully completed the UCC foreclosure process and paid the required transfer taxes to the City of New York. Absent completion of the UCC foreclosure process and payment of the required transfer taxes, SME may not even have the right to manage the Debtors and a trustee should be appointed to determine how best to dispose of the Debtors' valuable real property (the "Property").

## OBJECTION TO DISMISSAL

2. TKD objects to a dismissal of the these bankruptcy cases. As the UST properly points out, section 1112 of the Bankruptcy Code requires the Court to determine whether conversion or dismissal is in the best interest of creditors upon the establishment of cause.

3. Here, there is no doubt the UST has established cause based upon the Debtors' complete failure to prosecute these cases subsequent to SME's UCC article 9 sale.

4. In connection with the litigation over control of the Debtors' Property, Mr. Silverberg submitted a declaration under ECF Dkt. No. 90 (the "Silverberg Declaration"). In paragraph 7 of the Silverberg Declaration, Mr. Silverberg stated "SME has the funds to

prepare and execute on a strategy to successfully progress the instant proceedings towards an end beneficial not only to SME but other creditors as well. Specifically, should the requested relief be granted, SME intends to proceed to (i) fund competition of the Project and obtain a TCO; (ii) seek tenants for the Property and provide necessary tenant fit-up funds; (iii) negotiate a consensual plan of reorganization with all creditors, including payment of allowed claims; and (iv) sell the Project to pay the Senior Lender and recover in full all monies SME loaned prior to the Petition Date and to repay any future loan that SME anticipates having to make to fund these Bankruptcy Cases." See paragraph 7 of Silverberg Declaration annexed hereto as **Exhibit A**.

5. In paragraph 13 of the Silverberg Declaration, Mr. Silverberg goes on to state "SME is prepared to proceed **immediately** with filing its own plan to bring the Project to a close…". In paragraph 14 of the Silverberg Declaration, Mr. Silverberg requests the lift stay motion be granted so SME can proceed with its own plan for the benefit of the stakeholders.

6. Based in part on the Silverberg Declaration, this Court lifted the stay and allowed SME to conduct its UCC sale in order to take ownership of the membership interest in KOVA that owns Erbo.

7. At the UCC sale, no other bidders appeared and SME was the successful bidder for a nominal credit bid.

8. It is unclear whether SME has completed the UCC sale by closing and paying the necessary transfer taxes to the City of New York. These transfer taxes are approximately $1.5 million based upon the value of the Property.

9. In a similar situation before the Honorable Philip Bentley, a mezzanine

lender obtained stay relief and conducted a similar UCC sale with respect to the Margaritaville Hotel located in Time Square. In that case, the mezzanine lender was reluctant to close due to the millions of dollars in transfer taxes due to the City of New York. See December 4, 2023 transcript under ECF Dkt. 84, pages 6-8 and page 13 lines 7-15. A copy of the transcript is annexed hereto as **Exhibit B**.

10. In the 560 Seventh Avenue Owner Primary LLC, case no. 23-11289 (PB), a dispute arose after the completion of the UCC sale but before a formal closing as to who was entitled to manage the debtor (a hotel). Eventually in order to avoid further litigation on the management issue, the mezzanine lender paid over $4 million in required transfer taxes. See December 8, 2023 transcript annexed hereto as **Exhibit C**.

11. Here, it is unclear whether SME has completed the foreclosure process and paid the required transfer taxes notwithstanding the statements made by Mr. Silverberg in the Silverberg Declaration. Other than filing an objection to TKD's final fee application, the Debtors have not filed a single document in these Chapter 11 cases since replacing TKD as Debtors' counsel.

12. TKD respectfully submits under the strange circumstances herein, a conversion to Chapter 7 would be in the best interest of creditors rather than a dismissal. Upon dismissal, there is no forum to resolve the numerous liens and claims asserted against the Property and the fee lender would have to file a state court foreclosure action which takes at least 18 months to complete.

13. Here, this Court has set a bar date and a Chapter 7 trustee will have a forum to resolve all claims. In addition, a trustee can determine whether transfer taxes were paid and if not, work with the taxing authorities to ensure proper payment. Finally, the Chapter

7 trustee can investigate whether the statements made by Mr. Silverberg in the Silverberg Declaration were true and why notwithstanding his statement in paragraph 13 of the Silverberg Declaration that SME is prepared to proceed **immediately** with filing its own plan, SME has done virtually nothing including taking any actions to obtain the TCO which all parties agreed was a priority.

      **WHEREFORE**, TKD respectfully request the Court grant the UST's motion to the extent of converting the Chapter 11 cases to Chapter 7 rather than dismissal.

Dated: New York, New York
       March 25, 2024

          **TARTER KRINSKY & DROGIN LLP**
          *Pro Se*

          By:   /s/ Scott S. Markowitz
              Scott S. Markowitz, Esq.
              1350 Broadway, 11th Floor
              New York, New York 10018
              (212) 216-8000
              smarkowitz@tarterkrinsky.com