HERRICK, FEINSTEIN LLP
Stephen B. Selbst
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

*Attorneys for G4 18190, LLC*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date and Time:<br>April 2, 2024 at 10:00 a.m. |
| ------------------------------------------------------x | |
| In re | Chapter 11 |
| ERBO PROPERTIES, LLC, et al., | Case No. 23-10210 (LGB)<br>(Jointly Administered) |
| Debtors. | |
| ------------------------------------------------------x | |

**OBJECTION OF G4 18190, LLC TO THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR ALTERNATIVELY CONVERT THE CHAPTER 11 CASES OF ERBO PROPERTIES LLC AND KOVA 521 LLC TO CHAPTER 7**

G4 18190, LLC ("G4"), by its counsel, Herrick, Feinstein LLP, submits this objection (the "Objection") to the Motion of the United States Trustee to Dismiss or Alternatively Convert the Chapter 11 Cases of Erbo Properties LLC and Kova 521 LLC to Chapter 7 (the "Motion to Dismiss")[1] and represents as follows:

**PRELIMINARY STATEMENT**

1. In support of its Motion to Dismiss, the United States Trustee argues that these Cases are "static;" the Debtors are unable to file and effectuate plans of reorganization; and it is in the best interests of creditors and the estate to dismiss these Cases. Motion to Dismiss at C.

---

[1] Dkt. No. 156; hereinafter cited as the "Motion to Dismiss".

2.      While it may appear from the public-facing docket that there has been little activity in these Cases, in fact there have been extensive negotiations between G4 and SME, which recently resulted in a term sheet that provides for a restructuring of the Debtor's mortgage loan to G4, and which would form the basis for a plan of reorganization.

3.      The existence of the term sheet demonstrates that these Debtors have the ability to reorganize. While G4 does not want any additional delay in these Cases, the drastic remedy of dismissal is not warranted at this stage, nor in the best interests of creditors and the estate, where the parties are close to a possible reorganization.

## BACKGROUND

4.      On February 13, 2023 (the "Petition Date"), ERBO Properties LLC ("Erbo"), Gold Mezz LLC ("Gold Mezz"), and KOVA 521, LLC ("Kova" and collectively with Erbo and Gold Mezz, the "Debtors") each commenced its Chapter 11 case (the "Cases") by filing a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.

5.      Prior to the petition date, debtor Erbo obtained senior secured loans totaling approximately $57,000,000 from G4 to finance a redevelopment project (the "Project") of the building located at 541-545 West 21st Street, New York, NY (the "Property"). Prior to the petition date, debtor Gold Mezz obtained mezzanine loans from 541 W 21 SME LLC ("SME") totaling approximately $4,750,000 and, as security for that loan, Gold Mezz pledged its 100% membership interest in Kova.

6.      On July 12, 2023, the Court granted SME's Motion for an Order Terminating the Automatic Stay Pursuant to U.S.C. § 362 and Other Related Relief (the "Lift Stay Order"). ECF No. 128. Pursuant to the Lift Stay Order, SME obtained control of the 100% membership interests in Kova. Kova owns 100% of the equity interests in Erbo, thus SME also obtained control over

2

Erbo (indirectly by virtue of SME's control over Kova), essentially stepping into the shoes of the Debtors. Shortly thereafter, SME withdrew the previously filed motion to approve a disclosure statement and hired new bankruptcy counsel.

7.    For the past few months, SME has engaged in discussions and negotiations with G4 to bring these Cases to a successful resolution. As set forth above, G4 recently entered into a term sheet with SME that provides a basis for Erbo to propose a plan of reorganization. While G4 would have preferred to reach a deal sooner, the ongoing slowdown and uncertainty surrounding the future of the New York City office market presented unique challenges and complexities to reaching a deal.

**ARGUMENT**

**THESE CASES ARE ON THE CUSP OF RESOLUTION; DISMISSAL IS NOT IN THE BEST INTERESTS OF CREDITORS OR THE ESTATES.**

8.    The United States Trustee argues that these Cases should be dismissed because the Debtors are unable to file and effectuate plans of reorganization. Motion to Dismiss at C. The United States Trustee's sole basis for that argument is that the Debtors withdrew the previous plan of reorganization and disclosure statement a few months ago and that there has been little activity on the docket. *Id.* As set forth above, behind the scenes SME and G4 have been engaged in negotiations towards an effective path forward. Those negotiations recently resulted in the parties entering into a term sheet that provides the basis for Erbo to propose a chapter 11 plan of reorganization. The Debtor's negotiations and the recent term sheet rebut the United States Trustee's contention that the Debtors are not making progress.

9.    The United States Trustee also argues that remaining in bankruptcy "does not seem to be able to generate any benefits for the parties, and therefore, it appears to be in the best interests

3

of the creditors and estate to release creditors from the automatic stay and resolve their matters outside bankruptcy." Motion to Dismiss at C. At this time, where the two largest creditors are on the verge of a resolution with the Debtors, it is certainly *not* in the best interests of creditors to dismiss these Cases. A chapter 11 plan of reorganization and permitting the Debtors to remain in bankruptcy court to pursue a reorganization is indisputably better for G4 and all other creditors.

- *First*, if these Cases are dismissed, G4 would be required to foreclose its mortgage on the Property in state court, which is a lengthy process that could take more than a year and involve additional, unexpected legal expenses. G4 has expended a significant effort and expenses over the past year-and-a-half to attempt to successfully resolve these issues. Dismissing these Cases when the parties are close to a resolution, and effectively requiring G4 to start over again in state court, is not in G4's best interests.
- *Second*, while G4 is in the process of foreclosing its mortgage in state court, there is no guarantee that SME will maintain insurance on the Property during that timeframe. In other words, the United States Trustee's notion that dismissal of the Cases would quickly solve the issue of a lack of insurance is misplaced.
- *Third*, if these Cases are dismissed, the remaining creditors would be forced to pursue their claims in state court, a potentially lengthy and expensive process. There are at least 23 other creditors in these Cases with a variety of claims, including several claims for less than $5,000. For some creditors, given the relatively small size of the claims, it may be cost-prohibitive to pursue their claims in state court, and they may simply abandon them. The creditors who do pursue their claims will be forced to pursue them via decentralized, costly state court litigation, instead of having their claims addressed through a plan of reorganization that treats all claims in the same class equally through a centralized process in bankruptcy court.

10. Thus, dismissal is not in the creditors' best interests if the Debtors follow up on the negotiation of the term sheet by promptly filing a plan of reorganization. Such a plan will benefit G4 and likely all other creditors. For these reasons, these Cases are not "static" as the United States Trustee alleges. For these reasons, dismissing these Cases is not in the best interests of the creditors or the estate.

**CONCLUSION**

11. Granting the Motion to Dismiss would be expressly contrary to the wishes of G4 and SME – the two largest creditors in these Cases – who are on the cusp of proposing a plan of reorganization. Dismissing these Cases now, when the parties are close to a successful resolution, is not in the best interests of the creditors and the estate. The equities of this case require that this Court not grant the Motion to Dismiss at the expense of the two creditors with the largest stake in these Cases.

WHEREFORE, G4 18190, LLC respectfully submits that the Motion to Dismiss should be denied and that the Court grant such further relief as may be just and proper.

Dated: New York, New York
March 26, 2024

HERRICK, FEINSTEIN LLP

By: */s /Stephen B. Selbst*
Stephen B. Selbst

2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

*Attorneys for G4 18190, LLC*