UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

ERBO PROPERTIES LLC,

                Debtor.

-----------------------------------------------------------------x

Chapter 7

Case No. 23-10210-lgb

**ORDER APPROVING AND CONFIRMING TRUSTEE'S SALE OF DEBTOR'S IMPROVED REAL PROPERTY, AND GRANTING RELATED RELIEF**

On September 30, 2025, the Court entered an Order [ECF No. 245] ("***Sale Procedures Order***") granting in part the motion [ECF No. 235] ("***Motion***")[1] of Alan Nisselson ("***Trustee***"), as trustee for the chapter 7 estate ("***Estate***") of ERBO Properties LLC ("***Debtor***"), seeking entry of an Order approving the Agreement between the Trustee and G4 18190, LLC, a/k/a G4 Capital Partners ("***G4***") attached as **Exhibit "A"** to the Motion ("***Agreement***") for: (a) the public auction sale of the Estate's interest in real property located at 541-545 West 21st Street, New York, New York 10011, Borough of Manhattan, Block 693, Lot 10 ("***Property***") pursuant to 11 U.S.C. § 363(b) and (f), with liens to attach to proceeds in the order of their priority, (b) approving a carve out agreement by G4 ("Carve Out") for the payment of unsecured claims in their order of priority and chapter 7 administrative expenses, (c) approving proposed Terms and Conditions of Sale for the Property attached as Exhibit 1 to the Agreement attached to the Motion as Exhibit "A", including the treatment of any stalking horse bids received ("***Bidding Procedures***"), (d) setting dates for the auction and sale approval hearing, and approving the proposed order approving the Agreement and sale of the Property substantially in the form attached as Exhibit 2 to the Agreement (Exhibit "A" to the Motion) ("***Sale Approval Order***"), (e) approving the form and manner of notice substantially in the form attached to the Motion as Exhibit "B", and (f) granting other related relief;

---

[1] Capitalized terms used but not defined shall have the meanings given to them in the Motion.

and the Trustee having caused notice of the Motion, the auction, and the Sale Approval Hearing to be given on October 6, 2025 to all creditors of record, parties in interest, and prospective purchasers known to the Trustee in the Debtor's case as required by the applicable provisions of the Bankruptcy Code and Rules, as set forth in the Affidavit of Service filed with the Court [ECF No. 246], and no further notice being warranted or necessary; and two limited objections having been filed by Higher Ground 541 LLC ("**Higher Ground**") [ECF nos. 241 and 250]; and a joinder to the second objection having been filed by Cauldwell Wingate Company LLC ("**CW**") [ECF no. 252]; and G4 having filed a reply and a supplemental reply to the objections [ECF nos. 244 and 251]; and the Court having found that (i) the Agreement and the sale of the Property thereunder contemplated were proposed, negotiated, and entered into between the Trustee and G4 without collusion, in good faith, and at arm's-length, and there is no evidence that the sale price was controlled by potential bidders at the auction of the Property; and (ii) Higher Ground and CW are entitled to receive replacement liens on the Property as adequate protection of their interests pursuant to 11 U.S.C. § 361;and upon the record of the Sale Approval Hearing held before the Court on October 24, 2025; and the Court's careful consideration and due deliberation having been had, it is hereby

**ORDERED, THAT:**

1. The Motion is granted as set forth below.

2. The Court hereby grants adequate protection to Higher Ground and CW in the form of replacement mechanic's liens against the Property in the respective sums of $1,195,315.52 and $2,202,185.05, subject to (i) the commencement of an adversary proceeding against G4 (and any successors, assignees or designees to G4's rights or interests in the Property) on or before November 21, 2025 and (ii) a final determination of relative lien priority by final order or judgment ("**Final Disposition**"). In the event that such an adversary proceeding is not timely filed by

2

November 21, 2025 at 5:00 p.m., then the replacement liens shall be deemed discharged. In the event the adversary proceeding is timely filed, the replacement liens shall continue in place until Final Disposition of the adversary proceeding,

3. The Trustee is authorized to sell the Property to G4, or its assignees or designees (hereafter, jointly and severally, the "***Purchaser***"), pursuant to the Terms and Conditions of Sale for a total purchase price of the credit bid of a portion of G4's secured claim against the Debtor in the amount of $45,000,000.00, plus cash in the amounts necessary to pay the Carve Out.

4. The Property is being sold "**AS IS**", "**WHERE IS**", "**WITH ALL FAULTS**", without any representations, covenants, guarantees, or warranties of any kind or nature, and free and clear of any liens, claims, interests, or encumbrances of whatever kind or nature, with such liens, claims, interests, or encumbrances, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the Closing, and sale of the Property is subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions, and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; and (f) existing tenancies at time of closing; ***provided, however***, the Property shall be delivered free and clear of all monetary liens, ***except*** (a) as otherwise provided for in this Sale Approval Order relating to the replacement liens, and (b) liens with a higher priority than G4's secured claim.

5. Based on the representations in the Motion, Purchaser will acquire the Property in good faith within the meaning of, and shall be entitled to the protections of, Bankruptcy Code § 363(m). The sale of the Property contemplated by the Agreement is undertaken by G4 without collusion and in good faith as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, any reversal or modification on appeal of the authorization provided herein to

3

consummate the sale of the Property shall not affect the validity of such sale of the Property unless such authorization and consummation of such sale are duly and properly stayed pending such appeal.

6. No evidence has been offered showing that the Trustee or G4 has engaged in any action or inaction that would cause or permit the sale of the Property to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.

7. Purchaser is authorized and directed to perform under, consummate, and implement the Memorandum of Sale and the Terms and Conditions of Sale for the Property, together with all additional instruments and documents that may be reasonably necessary or desirable to close the sale of the Property at Closing (as defined in the Terms and Conditions of Sale).

8. The sale and transfer of the Property to Purchaser, pursuant to the Memorandum of Sale and the Terms and Conditions of Sale, is a legal, valid, and effective disposition of the Debtor's Estate's interests in the Property, and vests Purchaser with all right, title and interest of the Trustee and the Debtor's Estate to and in the Property free and clear of all Claims.

9. The Office of the City Registrar of New York County (or such other appropriate agency who receives deeds for recording) shall discharge all liens and encumbrances of record on the Property, and accept a deed from the Trustee to Purchaser, for recording for all purposes, subject to payment of applicable taxes or transfer fees, if any.

10. Other than legal tenants of the Property, all persons or entities in possession of some or all of the Property are directed to surrender possession to Purchaser at the time of Closing.

11. The Trustee is authorized to do such things, execute such documents, instruments or agreements, and expend or reimburse such funds as are necessary to transfer title to the Property and to effectuate the terms and conditions of this Sale Approval Order.

12. Pursuant to the provisions of the Carve Out, G4 shall pay Maltz Auctions, Inc. d/b/a Maltz Auctions the flat rate fee of $50,000.00 for services rendered.

13. This Sale Approval Order shall survive the Closing.

14. The 14-day stay of the effect of this Order under Federal Rules of Bankruptcy Procedure 4001 and 6004(h) or otherwise is hereby waived.

15. This Court retains exclusive jurisdiction to interpret, construe and enforce the provisions of this Sale Approval Order and any other issue arising out of its subject matter.

Dated: New York, New York
October 28, 2025

*/s/ Lisa G. Beckerman*
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE